UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

FILED

2005 JUL -6  P 3:42

U.S. DISTRICT COURT

NOEL BOTERO,
    Petitioner,

v.

UNITED STATES OF AMERICA,
    Respondent.

Crim. No. 3:96CR145 (AHN)
Civ. No. 3:00CV1922 (AHN)

### RULING ON PETITION FOR WRIT OF HABEAS CORPUS PURSUANT TO 28 U.S.C. § 2255

Petitioner Noel Botero ("Botero") seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2255, requesting that his May 20, 1997, conviction be vacated, set aside, and/or corrected. Botero was convicted by a jury for conspiracy to import more than five kilograms of cocaine, in violation of 21 U.S.C. § 963, and conspiracy to possess with intent to distribute more than five kilgrams of cocaine, in violation of 21 U.S.C. § 846. He was sentenced on September 8, 1997, to 210 months imprisonment and 5 years supervised release on each count, to be served concurrently. He now challenges his imprisonment on the basis of ineffective assistance of counsel and Apprendi v. New Jersey, 530 U.S. 466 (2000). As set forth below, his petition [dkt. # 329] is denied.

#### BACKGROUND

The evidence at trial showed that, in July 1996, Botero hired several people -- some of whom were scuba divers -- to retrieve approximately forty kilograms of cocaine from a canister attached to the hull of a ship that had sailed from Turbo,

Colombia, to Bridgeport, Connecticut. Law enforcement officials learned of the scheme and arrested the men. Botero was apprehended one month later in Miami, Florida, and was thereafter convicted of two drug conspiracy offenses by a jury in the District of Connecticut.

## DISCUSSION

Botero now seeks to correct and/or vacate his sentence on the basis of ineffective assistance of trial counsel and pursuant to Apprendi. The government contends that Botero's petition is without merit. The court agrees.

I.   Ineffective Assistance of Counsel

Botero claims that his trial counsel was ineffective because he: (1) did not allow him to take the stand; (2) did not present a defense; and (3) stipulated to the "knowledge" and "intent" elements of the conspiracy crimes. The government counters that Botero's trial counsel was not ineffective and acted reasonably in order to preclude the admission of incriminating other-act-evidence.[1]

---

[1] The other-act-evidence includes (1) witness testimony that Botero was an associate of the Carlos Lehder Colombian drug cartel, which operated out of the Bahamas as early as 1978; (2) evidence that, by virtue of his involvement in that organization, Botero smuggled thousands of kilograms of cocaine; (3) undercover investigations conducted in the early 1980s that showed Botero had transported kilogram-quantities of cocaine from Florida to Michigan; (4) law enforcement evidence that showed Botero was also an associate of Hugo Ochoa, a large-scale money launderer and narcotics trafficker.

2

Under <u>Strickland v. Washington</u>, 466 U.S. 668, 687 (1984), a habeas petitioner claiming ineffective assistance of counsel must make a two-part showing. First, the petitioner must demonstrate that counsel's performance was deficient -- that is, errors were made of such serious magnitude that petitioner was deprived of the counsel guaranteed by the Sixth Amendment. <u>See id</u>. Second, the petitioner must show that there is a reasonable probability that, but for counsel's deficient performance, the result would have been different. <u>See id</u>. at 694. In this case, none of the alleged deficiencies regarding counsel's performance satisfies <u>Strickland</u>'s two-prong test.

A.  <u>Counsel's Decision Not to Put Botero on the Stand</u>

Botero's first ground for claiming ineffective assistance is that trial counsel performed deficiently because he did not allow Botero to testify and did not inform Botero that the decision to testify was ultimately his to make. In support of this claim, Botero submits a personal affidavit and seeks an evidentiary hearing. Botero's affidavit states that (1) he repeatedly asked his counsel to let him testify, but counsel refused; (2) if counsel had put him on the stand he would have testified that his involvement with his alleged coconspirators was limited to a legitimate business agreement to export alfalfa horse feed to Colombia, not to import cocaine into the United States; and (3) if he had testified he would have provided a business application form showing his arrangements with an alfalfa

3

supplier, Bio-Cube. In response, the government submits an affidavit it procured from Botero's trial counsel stating, in pertinent part, that (1) counsel did not tell Botero that he could not testify; (2) Botero never expressed an interest in testifying; and (3) counsel advised Botero that if he testified the government would be able to introduce otherwise inadmissible other-act-evidence against him.

It is well-settled that part of an attorney's duty to provide effective assistance includes the burden of ensuring that a defendant is informed of the nature and existence of his right to testify. See Chang v. United States, 250 F.3d 79, 83 (2d Cir. 2001) (quoting Brown v. Artuz, 124 F.3d 73, 77 (2d Cir. 1997)). "Regardless of strategic considerations that [counsel might conclude] weigh against such a decision . . . a defendant who wishes to testify must be permitted to do so." Id. (quotations and citation omitted). Thus, simply because a defendant fails to object at trial to counsel's refusal to allow him to take the stand does not mean that the defendant has waived his constitutional right to testify on his own behalf. See id. at 83-84. Nonetheless, the burden of proving such a claim in a collateral attack rests with the defendant, and, because "off-the-record interactions" with trial counsel are often involved, such a claim "is too facile a tactic to be allowed to succeed . . . [solely on a defendant's] barebones assertion," even when supported by affidavit. See id. at 84-85, 86. More is needed.

See id. (stating that petitioner must demonstrate the same "cause" and "prejudice" under Strickland).

Here, Botero has not demonstrated that his counsel's performance was deficient because he deprived Botero of his right to testify and that, but for counsel's deficiency, the result at trial would have been different. Moreover, Botero's affidavit is replete with the type of "self-serving and improbable assertions" that the Second Circuit rejected in Chang, 250 F.3d at 86, and presents a version of events that is in stark contrast to the version recounted in counsel's affidavit.

Nonetheless, even if the court found that Botero had demonstrated "cause," i.e., that counsel improperly refused to allow Botero to testify at trial, Botero has failed to demonstrate that his defense was prejudiced as a result. See Strickland, 466 U.S. at 687. Indeed, according to the record, if Botero had testified, the government was prepared to introduce damaging and prejudicial other-act-evidence to impeach his credibility. See note 1, supra. In the face of such damaging impeachment evidence, and the significant amount of substantive evidence showing Botero's involvement in the alleged conspiracies, the court cannot conclude that Botero's unsubstantiated testimony about an alfalfa export venture would have created enough doubt in the minds of the jury to acquit him

of the crimes charged.[2] Accordingly, Botero's ineffective assistance claim fails on this ground.[3]

B. Counsel's Stipulation to "Knowledge" and "Intent"

Botero also claims that his trial counsel performed deficiently by stipulating to the "knowledge" and "intent" elements of the crimes charged and thereby permitted the government to obtain a conviction without having to meet its burden of proof on every element of its case. The government counters that it was reasonable for counsel to stipulate to the "knowledge" and "intent" elements because, in so doing, counsel prevented the government from introducing the highly incriminating other-act-evidence against Botero. The court agrees.

---

[2] Intertwined with this claim is Botero's other contention that he received ineffective assistance because counsel failed to present a defense. Apart from some character witnesses he states he would have called, Botero's own testimony was the sole basis of his defense case. Thus, for the reasons discussed above, the court finds that counsel's decision not to present a defense does not constitute ineffective assistance. As highlighted by the government in its brief, that decision was part and parcel of counsel's strategy to preclude the government from introducing potentially more damaging impeachment evidence against Botero. Faced with the option of presenting either a weak defense, and, as a result, exposing Botero to harmful impeachment evidence, or no defense at all, the court cannot conclude that it was deficient for counsel to opt for the latter.

[3] Because the habeas record conclusively shows that Botero is not entitled to relief, and, moreover, that the in-court testimony of Botero and his trial counsel would add nothing to the record, particularly in light of the fact that they each submitted affidavits, Botero's request for an evidentiary hearing [dkt. # 334] is denied. See Chang, 250 F.3d at 85-86.

6

Under Fed. R. Evid. 404(b), evidence of other acts of uncharged misconduct is admissible if it is offered for a purpose other than proving a defendant's character, such as to prove the defendant's knowledge of a crime or his intent to commit a crime. Such evidence, however, is not relevant, and therefore is not admissible, if a defendant's intent and knowledge are not in issue. See United States v. Manafzadeh, 592 F.2d 81, 86-87 (2d Cir. 1979)(holding that other crimes evidence was not admissible to show that the defendant had the intent to commit the crime alleged -- check fraud -- because counsel had advised the court that if the jury found the defendant had created or deposited the fraudulent checks at issue, defendant would stipulate that he had the requisite intent). Consequently, a defendant may preclude the admission of other-act-evidence when it is offered to show knowledge and intent by stipulating to those elements. See United States v. Figuero, 618 F.2d 934, 941-42 (2d Cir. 1980) (discussing examples and citing cases).

Here, Botero cannot establish Strickland's "cause" requirement because counsel's decision to stipulate to the "knowledge" and "intent" elements of the charged conspiracies constituted sound trial strategy. As already noted, see note 1, supra, the government had a great deal of otherwise inadmissible other-act-evidence that showed Botero had been, among other things, involved in smuggling cocaine since at least the late 1970s. Counsel's decision to stipulate to the "knowledge" and

"intent" elements eliminated the grounds to support the government's introduction of such other incriminating evidence. Therefore, contrary to Botero's assertion, trial counsel's actions minimized the possibility that this damaging evidence would be admitted at trial.

Because all of Botero's bases for claiming ineffective assistance of counsel are without merit, his habeas petition is denied on this ground.

II. Apprendi

Botero also petitions for habeas corpus relief on the ground that his sentence violates Apprendi. However, in Coleman v. United States, 329 F.3d 77, 89 (2d Cir. 2003), the Second Circuit held that Apprendi cannot be applied retroactively on habeas review because it did not announce a watershed rule, but merely clarified and extended the scope of two well-settled principles of criminal procedure. Botero's habeas petition is therefore denied on this ground as well.[4]

---

[4] In a supplemental brief, filed in September 2004, Botero claims that he is also entitled to habeas relief pursuant to Blakely v. Washington, 124 S.Ct. 2531 (2004). Because the court finds that the rule announced in Blakely, and in its federal equivalent, United States v. Booker, 125 S.Ct. 738 (2005), is merely a procedural rule and not a substantive one, see Schriro v. Summerlin, 124 S.Ct. 2519 (2004), it cannot be applied retroactively on habeas review. See Teague v. Lane, 489 U.S. 288 (1989). Therefore, Botero's petition is also denied on this ground.

8

## CONCLUSION

For the foregoing reasons, Botero's petition for a writ of habeas corpus [dkt. # 329] is DENIED and his request for a hearing regarding the same [dkt. # 334] is also DENIED.

So ordered this 6 day of July, 2005, at Bridgeport, Connecticut.

Alan H. Nevas
Senior United States District Judge